No. 84-488

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN THE MATTER OF ERNEST (BILL)
SIMONS, Respondent.

_____

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark Sokkappa, Montana Legal Services, Warm Springs,
Montana

For Respondent:

Ted L. Mizner, County Attorney, Deer Lodge, Montana

_____

Submitted on Briefs: Feb. 22, 1985

Decided: April 16, 1985

Filed: APR 16 1985

_Ethel M. Harrison_
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Ernest (Bill) Simons appeals both his commitment to Montana State Hospital for a 72-hour evaluation period and his commitment to the same hospital for a period of 90 days. We reverse both commitment orders.

We have jurisdiction over this matter pursuant to § 53-21-131, MCA, which states in pertinent part:

> "Appellate review of any order of short-term evaluation and treatment or long-term commitment may be had by appeal to the supreme court of Montana in the manner as other civil cases, except that the appeal may be taken at any time . . . within 90 days after discharge . . . ."

This appeal was filed seven days following Mr. Simons' discharge.

Respondent asserts that appellant has not properly brought the record before us. Since there is no transcript or agreed upon statement of facts, we confine our review to the record before us - the District Court files for both actions. Whether or not Simons signed a voluntary commitment application on July 27, 1984, is irrelevant to the issue before this Court, and will not be further treated.

Charles Sewell was appointed as Bill Simons' guardian and conservator on March 15, 1984. On July 24, 1984, Sewell filed a petition in the District Court of the Third Judicial District, County of Powell, requesting that Simons be committed to Montana State Hospital for a 72-hour evaluation period, pursuant to § 72-5-322(1), MCA. Sewell's petition was accompanied by a letter from Dr. Stanley N. Smith, stating that Simons was in need of immediate incarceration due to his suicidal tendencies. The District Court issued a commitment order that same day.

We reverse that order. Mr. Simons was not provided with notice of his impending commitment, an attorney, or a hearing

prior to being committed. Section 72-5-322(2), MCA, specifically states that a "ward is entitled to an appointment of counsel and a hearing along with all other rights guaranteed seriously mentally ill persons under 53-21-114, 53-21-115, 53-21-119, and 53-21-120." These other rights include, among other important constitutional rights, the right to notice. Failure to grant Simons these rights is a violation of both his statutory and constitutional rights of due process. Heryford v. Parker (10th Cir. 1968), 396 F.2d 393, 396.

On July 26, 1984, at the request of Charles Sewell, the County Attorney for Powell County filed a petition requesting that Simons be committed to Montana State Hospital for a period of 90 days, pursuant to § 53-21-121, MCA. That same day, Charles Sewell, as guardian and conservator for Simons, filed a consent to commitment in which he waived Simons' rights to notice, an attorney and a hearing prior to commitment. An order involuntarily committing Bill Simons to Montana State Hospital for 90 days was issued July 26, 1984.

Again, Simons' statutory and constitutional rights of due process were violated. Section 53-21-115, MCA, gives a person against whom a petition for involuntary commitment has been filed all rights guaranteed by the constitutions of the United States and of the state of Montana, including the right of notice, the right to a hearing and the right to counsel. Sewell's attempt to waive these rights for Simons was ineffective. Section 53-21-119(1), MCA, provides that only the person to be committed, or if that person is incapable of making an "intentional and knowing decision," his attorney and guardian acting in concert, may waive the person's rights. Simons had no attorney as Sewell tried to

3

waive his right to one. However, "the right to counsel may not be waived." Section 53-21-119(1), MCA.

Both orders committing Simons to Montana State Hospital were obtained in violation of Simons' constitutional rights of due process. Both orders are reversed.

Justice

We concur:

Justices

4