Present:   All the Justices

JIM MURROW JENKINS

v.   Record No. 050374

                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
                         January 13, 2006

DIRECTOR OF THE VIRGINIA CENTER
FOR BEHAVIORAL REHABILITATION

              UPON A PETITION FOR A WRIT OF HABEAS CORPUS

                                  I.

     The primary issue that we consider in this habeas corpus

proceeding invoking this Court's original jurisdiction is

whether petitioner, who was committed to an institution

pursuant to Virginia's Sexually Violent Predators Act, is

entitled to effective assistance of counsel during the appeal

of the civil commitment judgment.

                                  II.

     Jim Murrow Jenkins, petitioner, was convicted in the

Accomack County Circuit Court in 1994 of one count of forcible

sodomy, two counts of aggravated sexual battery, and one count

of carnal knowledge.  He received a sentence of 10 years, and

he was released on parole in October 1999.

     Subsequently, Jenkins was convicted of a sexual offense

in Maryland and his parole was revoked.  He was returned to

the custody of the Virginia Department of Corrections.

On October 9, 2003, the Department of Corrections notified the Attorney General that Jenkins qualified for consideration under the Virginia Sexually Violent Predators Act. Petitioner, who was scheduled to be released from prison on October 31, 2003, had scored a four or five on the Rapid Risk Assessment for Sexual Offender Recidivism Test, and he had predicate convictions of one count of forcible sodomy and two counts of aggravated sexual battery.

The Attorney General filed a petition seeking commitment of Jenkins as a sexually violent predator. Pursuant to former Code § 37.1-70.7 that was in effect at the time of petitioner's incarceration, the circuit court was required to conduct a hearing to determine whether there was probable cause to continue to hold Jenkins in prison beyond his scheduled release date, pending the outcome of a trial under the Sexually Violent Predators Act.[1] A probable cause hearing was scheduled for October 28, 2003. That morning, Jenkins obtained a shaving razor and mutilated himself by cutting his testicles and flushing them in the toilet.

The Attorney General requested that the circuit court detain Jenkins in prison until the date of the rescheduled

---

[1] Former Code § 37.1-70.7 was repealed, along with all the other provisions of title 37.1 of the Code, effective October 1, 2005. See 2005 Acts ch. 716. Code § 37.2-906, effective

2

probable cause hearing.  Jenkins objected, and the court refused to do so.  Jenkins was released from custody of the Department of Corrections on October 31, 2003.  The circuit court scheduled a probable cause hearing for November 17, 2003, and ordered Jenkins to appear.

Jenkins appeared at the probable cause hearing, and at the conclusion of the Attorney General's evidence, the circuit court ruled that probable cause existed to believe that Jenkins was a sexually violent predator.  The circuit court entered an order that placed Jenkins in the custody of the Department of Corrections.

At the conclusion of a trial, the circuit court held that Jenkins was a sexually violent predator and that no lesser restrictive alternative to full commitment existed.  Jenkins was placed in the custody of the Commissioner of the Department of Mental Health, Mental Retardation and Substance Abuse Services.

On February 12, 2005, Jenkins filed a notice of appeal from the circuit court's judgment.  However, his trial counsel failed to file timely trial transcripts as required by Rule 5:11(a).  Consequently, this Court dismissed Jenkins' appeal.

---

October 1, 2005, addresses the subject matter previously covered in former Code § 37.1-70.7.

Jenkins filed with the Clerk of this Court a petition for a writ of habeas corpus against the Director of the Virginia Center for Behavioral Rehabilitation.  We placed this proceeding on our privileged docket, and we requested that counsel address the question whether petitioner was denied effective assistance of counsel because trial counsel failed to perfect his appeal of the civil commitment order.  Additionally, petitioner challenges whether the circuit court had subject matter jurisdiction to commit him as a sexually violent predator because he was not incarcerated at the time of the probable cause hearing held pursuant to former Code § 37.1-70.7.

III.

A.

Former Code § 37.1-103,[2] in effect when Jenkins filed his petition of habeas corpus, stated:

> "Any person held in custody as mentally ill may by petition for a writ of habeas corpus have the question of the legality of his detention determined by a court of competent jurisdiction.  Upon the petition, after notice to the authorities of the hospital or other institution in which such person is confined, the court shall in some courtroom of such county or city, or in some other convenient public place in such county or city determine whether such person is mentally ill and whether he should be detained."

---

[2] Former Code § 37.1-103 has been repealed and replaced with Code § 37.2-844.

4

Former Code § 37.1-104,[3] in effect when Jenkins filed his petition for writ of habeas corpus, stated:

> "If the person mentioned in § 37.1-103 is held in custody and actually confined in any hospital or other institution, he may file his petition in the circuit court of the county or the city in which such hospital or other institution is located or in the circuit court of the county or the city adjoining the county or city in which such hospital or other institution is located."

Former Code § 37.1-104.1,[4] also in effect when Jenkins filed his petition for habeas corpus, stated:

> "In all cases, other than those provided for in § 37.1-104, the person may file his petition in the circuit court of the county or the city in which he resides, or in which he was certified to be mentally ill, or in which an order was entered authorizing his retention for continued hospitalization, pursuant to Chapter 2, Art. 1 (§ 37.1-63 et seq.) of this title."

Code § 8.01-654 states in relevant part:

> "A. 1. The writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority.
> "2. A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has

---

[3] Former Code § 37.1-104 has been repealed and replaced with Code § 37.2-845.
[4] Former Code § 37.1-104.1 has been repealed and replaced with Code § 37.2-846.

5

been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

. . . .

"[B.]2.  Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition.  No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition. . . .
"3.  Such petition may allege detention without lawful authority through challenge to a conviction, although the sentence imposed for such conviction is suspended or is to be served subsequently to the sentence currently being served by petitioner."

Contrary to the Director's assertions, Jenkins was not required to file his petition for writ of habeas corpus in the circuit court where he was adjudicated as a sexually violent predator.  As we have repeatedly stated:

"While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity.  Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); accord Davis v. Tazewell Place

6

<u>Associates</u>, 254 Va. 257, 260-61, 492 S.E.2d 162, 164 (1997);

<u>Abbott v. Willey</u>, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997).

Applying this basic principle of statutory construction, we hold that Jenkins was entitled to file his petition with the Clerk of this Court.  There is simply no language in former Code § 37.1-104 that required Jenkins to file his petition for habeas corpus in the circuit court that adjudicated him as a sexually violent predator.  Additionally, Code § 8.01-654, which the Director does not discuss in his brief, authorizes the petitioner to file his petition for writ of habeas corpus in this Court.  Code § 8.01-654 also prescribes the statute of limitations and numerous requisites that a habeas corpus petitioner, including Jenkins, must satisfy.

B.

Former Code § 37.1-70.7,[5] in effect during Jenkins' sexually violent predator proceedings, stated:

> "A.  Upon the filing of a petition alleging
> that a person is a sexually violent predator, the
> circuit court shall schedule a hearing within thirty
> days to determine whether probable cause exists to
> believe that the person named in the petition is a
> sexually violent predator.  A copy of the petition
> shall be personally served on the person named in
> the petition, his attorney, and his guardian or
> committee, if applicable.  In addition, a written
> explanation of the sexually violent predator

---

[5] Former Code § 37.1-70.7 has been repealed and replaced with Code § 37.2-906.

7

involuntary commitment process and the statutory protections associated with the process shall be given to the person at the time the petition is served.

"B.  Prior to any hearing under this section, the judge shall ascertain if the person whose commitment is sought is represented by counsel, and if he is not represented by counsel, the judge shall appoint an attorney-at-law to represent him. However, if such person requests an opportunity to employ counsel, the court shall give him a reasonable opportunity to employ counsel at his own expense.

"C.  At the probable cause hearing, the judge shall (i) verify the person's identity and (ii) determine whether probable cause exists to believe that the person is a sexually violent predator.  In the case of a prisoner in the custody of the Department of Corrections, if the judge finds that there is not probable cause to believe that the person is a sexually violent predator, the judge shall dismiss the petition and the person shall remain in the custody of the Department of Corrections until his scheduled date of release from prison.  In the case of a defendant, if the judge finds that there is not probable cause to believe the defendant is a sexually violent predator, the judge shall dismiss the petition and order that the defendant be released, committed pursuant to § 37.1-67.3, or certified pursuant to § 37.1-65.1.  If the judge finds that probable cause exists to believe that the prisoner or defendant is a sexually violent predator, the judge shall order that the prisoner remain in the secure custody of the Department of Corrections or the defendant remain in the secure custody of the Department of Mental Health, Mental Retardation and Substance Abuse Services until a trial is conducted to determine whether he should be committed."

As we have already stated, petitioner was released from the custody of the Department of Corrections on October 31, 2003, and his probable cause hearing was conducted on November 17, 2003, eighteen days after he was released.  Petitioner,

8

relying upon Townes v. Commonwealth, 269 Va. 234, 609 S.E.2d 1 (2005), contends that at the time of the probable cause hearing, he was neither a prisoner nor a defendant and, thus, the circuit court lacked the subject matter jurisdiction to conduct the civil commitment proceedings. We disagree with petitioner's arguments.

In Townes, we considered whether, pursuant to former Code § 37.1-70.6(A), the Commonwealth could obtain a civil commitment of Lorenzo Townes as a sexually violent predator even though he had served his entire sentence for the necessary predicate "sexually violent offense." Townes had been convicted of statutory rape and sentenced to 18 years in prison. He finished serving this sentence in January 1991, but he remained in prison as a result of convictions for other crimes that were not sexually violent offenses. 269 Va. at 237, 609 S.E.2d at 2.

Townes was released from prison in April 2002 and granted parole. He violated parole, and he returned to prison that same month to complete his remaining sentence. In April 2003, the Director of the Virginia Department of Corrections notified the Commitment Review Committee that Townes, who was scheduled to be released from prison in August 2003, was subject to review for civil commitment because he had

9

committed a sexually violent offense, and he had been identified through testing as likely to re-offend.  Id.

The circuit court conducted a probable cause hearing as required by former Code § 37.1-70.7 and concluded that there was probable cause to believe that Townes was a sexually violent predator.  At the conclusion of a trial of the commitment petition, the circuit court found that Townes was a sexually violent predator, and he was committed to the custody of the Department of Mental Health, Mental Retardation, and Substance Abuse Services for appropriate treatment and confinement in a secure facility.  269 Va. at 237-39, 609 S.E.2d at 2-3.

Reversing the judgment of the circuit court, we held that Townes could not be subjected to the involuntary civil commitment process under the sexually violent predator statutes because former Code §§ 37.1-70.4 and -70.5 required that a prisoner must have been serving an active sentence for a sexually violent offense at the time he was identified as being subject to the Sexually Violent Predators Act.  269 Va. at 240-41, 609 S.E.2d at 4.

Contrary to petitioner's assertions, we did not hold in Townes that the circuit court lacked subject matter jurisdiction to adjudicate Townes' status as a sexually violent predator.  Rather, we held that the circuit court

10

erred by declaring that Townes was a sexually violent predator because the Commonwealth failed to establish one of the necessary statutory predicates – that Townes was a prisoner serving an active sentence for a sexually violent offense when he was identified as being subject to the former Sexually Violent Predators Act.

Subject matter jurisdiction refers to a court's power to adjudicate a class of cases or controversies, and this power must be granted through a constitution or statute. Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001); Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990); Humphreys v. Commonwealth, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947); Farant Investment Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924). Subject matter jurisdiction cannot be waived or conferred on a court by the litigants and the lack of subject matter jurisdiction may be raised at any time. Nelson, 262 Va. at 281, 552 S.E.2d at 75; Morrison, 239 Va. at 169-70, 387 S.E.2d at 755-56. Additionally, any judgment rendered by a court without subject matter jurisdiction is void ab initio. Nelson, 262 Va. at 281, 552 S.E.2d at 75; Morrison, 239 Va. at 170, 387 S.E.2d at 755-56.

Clearly, in the present case, the circuit court that heard Jenkins' probable cause hearing and adjudicated his status as a sexually violent predator had subject matter

11

jurisdiction to make these determinations. The former Sexually Violent Predators Act conferred subject matter jurisdiction upon the circuit courts to adjudicate the class of cases involving the involuntary commitment of alleged sexually violent predators. Petitioner ignores the numerous statutory grants of authority that the former Act conferred upon the circuit courts. For example, the former Act required that the Attorney General file all petitions for involuntary commitments against alleged sexual predators in the circuit court where the prisoner was last convicted of a sexually violent offense or where the defendant was deemed unrestorably incompetent. See former Code § 37.1-70.6. Additionally, the former Act prescribed numerous procedures for involuntary commitment proceedings in the circuit courts.

C.

Jenkins argues that pursuant to the due process clauses of the federal constitution and the Constitution of Virginia, he is entitled to counsel during the involuntary commitment process for sexually violent predators. Jenkins asserts that he was deprived of effective assistance of counsel because trial counsel failed to perfect an appeal from the order of involuntary commitment in the manner provided by law. Petitioner contends that he is entitled to a belated appeal of that order.

Responding, the Director states that Jenkins does not have a constitutional right to an appeal and, hence, he has no right to counsel during the appellate phase of a civil case. The Director also contends that even if Jenkins has a right to effective assistance of counsel, he was not prejudiced because of trial counsel's failure to file an appeal in the manner prescribed by law. We disagree with the Director.

We stated in Townes:

> "It cannot be seriously disputed that a person subjected to an involuntary civil commitment proceeding has a substantial liberty interest in avoiding confinement in a mental hospital. Zinermon v. Burch, 494 U.S. 113, 131 (1990). 'Civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.' Addington v. Texas, 441 U.S. 418, 425 (1979)."

269 Va. at 240, 609 S.E.2d at 4. Additionally, the United States Supreme Court has stated:

> "We have recognized that for the ordinary citizen, commitment to a mental hospital produces 'a massive curtailment of liberty,' Humphrey v. Cady, 405 U.S. 504, 509 (1972), and in consequence 'requires due process protection.' Addington v. Texas, 441 U.S. 418, 425 (1979); O'Connor v. Donaldson, 422 U.S. 563, 580 (1975) (BURGER, C. J., concurring)."

Vitek v. Jones, 445 U.S. 480, 491-92 (1980).

The Supreme Court has also held that:

> "There is a substantial liberty interest in avoiding confinement in a mental hospital. See Vitek v. Jones, 445 U.S. 480, 491-492 (1980) (commitment to mental hospital entails ' "a massive curtailment of

13

> liberty," ' and requires due process protection);
> <u>Parham v. J. R.</u>, 442 U.S. at [584,] 600 [(1979)]
> (there is a 'substantial liberty interest in not
> being confined unnecessarily for medical
> treatment'); <u>Addington v. Texas</u>, 441 U.S. 418, 425
> (1979) ('Civil commitment for any purpose
> constitutes a significant deprivation of liberty
> that requires due process protection')."

<u>Zinermon v. Burch</u>, 494 U.S. 113, 131 (1990).

We also recognize that an individual who is the subject of a proceeding under Virginia's Sexually Violent Predators Act has a substantial liberty interest in avoiding confinement. Indeed, the subject of a civil commitment proceeding commenced pursuant to this Act may be confined for his natural life. Additionally, a person who is adjudicated as a sexually violent predator may be compelled to accept medical treatment against his will.

Even though involuntary civil commitment is a significant deprivation of liberty to which federal and state procedural due process protections apply, persons subject to these commitment proceedings do not enjoy the same rights attendant to a criminal proceeding. <u>See</u> <u>e.g.</u>, <u>Jones v. United States</u>, 463 U.S. 354, 367-68 (1983). However, the Supreme Court in <u>Vitek</u> identified certain minimal standards that federal due process guarantees to a respondent in an involuntary civil commitment proceeding: a hearing at which evidence is presented and the respondent is provided a chance to be heard

14

and to present documentary evidence as well as witnesses; the right to confront and to cross-examine government witnesses at the hearing except upon a showing of good cause; an independent decision maker; a written, reasoned opinion; and effective and timely notice of the pendency of the hearing and of these rights.

A plurality of the Supreme Court concluded in Vitek that federal due process required that an indigent civil commitment respondent have representation by an attorney, Justice Powell expressly disagreed, and the remaining Justices did not consider the issue because they believed the controversy was moot.  We agree with the plurality in Vitek that:

> "A prisoner thought to be suffering from a mental disease or defect requiring involuntary treatment probably has a [great] need for legal assistance, for such a prisoner is more likely to be unable to understand or exercise his rights.  In these circumstances, it is appropriate that counsel be provided to indigent prisoners whom the State seeks to treat as mentally ill."

Vitek, 445 U.S. at 496-97.

We hold that in view of the substantial liberty interest at stake in an involuntary civil commitment based upon Virginia's Sexually Violent Predators Act, the due process protections embodied in the federal and Virginia Constitutions mandate that the subject of the involuntary civil commitment process has the right to counsel at all significant stages of

15

the judicial proceedings, including the appellate process.
Accord, Project Release v. Prevost, 722 F.2d 960, 976 (2nd
Cir. 1983); In re Barnard, 455 F.2d 1370, 1375-76 (D.C. Cir.
1971); Heryford v. Parker, 396 F.2d 393, 396 (10th Cir. 1968);
Johnson v. Solomon, 484 F.Supp. 278, 292 (D. Md. 1979); Dorsey
v. Solomon, 435 F.Supp. 725, 733 (D. Md. 1977); Stamus v.
Leonhardt, 414 F.Supp. 439, 446 (S.D. Iowa 1977); Suzuki v.
Quisenberry, 411 F.Supp. 1113, 1129 (D. Haw. 1976); Lynch v.
Baxley, 386 F.Supp. 378, 389 (M.D. Ala. 1974); Bell v. Wayne
County General Hospital, 384 F.Supp. 1085, 1093 (E.D. Mich.
1974); Lessard v. Schmidt, 349 F.Supp. 1078, 1097-99 (E.D.
Wis. 1972); Dixon v. Attorney General, 325 F.Supp. 966, 972
(M.D.Pa. 1971); Honor v. Yamuchi, 820 S.W.2d 267, 269 (Ark.
1991); Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001); In
re Beverly, 342 So. 2d 481, 489 (Fla. 1977); In re Simons, 698
P.2d 850, 851 (Mont. 1985); People ex rel. Rogers v. Stanley,
217 N.E.2d 636, 636 (N.Y. 1966); Rashid v. J. B., 410 N.W.2d
530, 532 (N.D. 1987); McDuffie v. Berzzarins, 330 N.E.2d 667,
669 (Ohio 1975); Ex parte Ullmann, 616 S.W.2d 278, 283 (Tex.
App. 1981).

We also hold that Jenkins has a constitutional right to
effective assistance of counsel during the proceeding in which
he was adjudicated a sexually violent predator, and on appeal
from that adjudication.  Thus, Jenkins' claim of ineffective

16

assistance of counsel must be evaluated under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Pope v. Alston, 537 So.2d 953, 956-57 (Ala. Civ. App. 1988) (subject of an involuntary commitment must show counsel was ineffective under Strickland); People v. Rainey, 758 N.E.2d 492, 502-03 (Ill. App. Ct. 2001) (persons adjudicated under Sexually Violent Persons Commitment Act are entitled to effective assistance of counsel measured by the Strickland test); In re Crane, 704 N.W.2d 437, 439 (Iowa 2005) (claim of ineffectiveness of counsel by person involuntary committed under Sexually Violent Predator Act is measured by Strickland test); In re Alleged Mental Illness of Cordie, 372 N.W.2d 24, 29 (Minn. Ct. App. 1985) (involuntarily commitment will not be overturned because of counsel's ineffectiveness unless Strickland standard is satisfied); State of Texas for the Best Interest and Protection of H.W., 85 S.W.3d 348, 356 (Tex. App. 2002) (subject of an involuntary commitment proceeding has the right to effective assistance of counsel as judged by the Strickland two-prong test); In re Smith, 72 P.3d 186, 190 (Wash. Ct. App. 2003) (person involuntarily committed as a sexually violent predator must establish both prongs of Strickland in order to prevail on a claim of ineffective counsel).

Under Strickland, a habeas petitioner must first demonstrate that "counsel's performance was deficient," i.e., "that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-88. Second, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. These requirements are commonly referred to as the "performance" and "prejudice" prongs of the Strickland two-part test.

The performance of Jenkins' attorney was deficient. By failing to perfect an appeal to this Court from Jenkins' adjudication as a sexually violent predator, his counsel's representation "fell below an objective standard of reasonableness." Id. at 688.

The United States Supreme Court has held, and we agree, that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). In this circumstance, prejudice is generally presumed. See Miles v. Sheriff, 266 Va. 110, 116-17, 581 S.E.2d 191, 195 (2003) ("when a defendant . . . timely instructs counsel to file an appeal, . . . it would be unfair to find an absence of

18

prejudice solely because the defendant failed to state, in a habeas corpus petition, the anticipated grounds of a belated appeal"); Hernandez v. United States, 202 F.3d 486, 489 (2nd Cir. 2000) (prejudice is presumed "where the alleged ineffective assistance lies in counsel's unexcused failure to bring a direct appeal from a criminal conviction upon the defendant's direction to do so"); Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir. 1995) ("where a defendant claims that counsel was ineffective for failing to perfect an appeal, he must only satisfy the first prong of the Strickland test . . . prejudice is presumed"); Bonneau v. United States, 961 F.2d 17, 17 (1st Cir. 1992) (the defendant, who lost his right of appeal due to his counsel's deficient performance, was "entitled to a new appeal without first showing that there is a meritorious appellate issue"); Thomas v. O'Leary, 856 F.2d 1011, 1017 (7th Cir. 1988) (attorney's failure to file a brief on behalf of a defendant "amounted to a complete denial of assistance of counsel during a critical stage" and defendant was not required to prove prejudice under the second prong of the Strickland test); Williams v. Lockhart, 849 F.2d 1134, 1137 n.3 (8th Cir. 1988) ("deficient attorney performance in perfecting an appeal is prejudicial under" Strickland); Langston v. Arkansas, 19 S.W.3d 619, 621 (Ark. 2000) ("a presumption of prejudice aris[es] from the failure of counsel

19

to perfect an appeal if counsel's deficient performance led to the forfeiture of the convicted defendant's right to pursue a direct appeal"); Montana v. Rogers, 32 P.3d 724, 729 (Mont. 2001) ("when, but for counsel's deficient performance, defendant would have appealed, such error is prejudicial"); Nebraska v. Trotter, 609 N.W.2d 33, 38 (Neb. 2000) (when defendant's counsel failed to perfect an appeal, prejudice was presumed); Pennsylvania v. Halley, 870 A.2d 795, 801 (Pa. 2005) (prejudice is presumed when counsel's failure to file a required statement results in a waiver of all claims asserted on direct appeal); Washington v. Wicker, 20 P.3d 1007, 1009 (Wash. Ct. App. 2001) ("an attorney's failure to file a requested notice of appeal is 'professionally unreasonable' [and t]he defendant need not make any additional showing of prejudice").

Courts have expressed various reasons for presuming prejudice when counsel's deficient performance deprived a defendant of an appeal that the defendant otherwise would have pursued. One explanation previously articulated by this Court in the context of post-conviction habeas relief is equally valid in this proceeding. When ruling on a habeas petition asserting a claim of ineffective assistance of counsel for failing to perfect an appeal, it is not an efficient use of judicial resources for this Court to examine the merits of a

20

petitioner's grounds of appeal in order to determine whether the petitioner satisfied the prejudice prong of the <u>Strickland</u> test. It is better to grant a belated appeal and then permit the appellate court to consider petitioner's claims of trial error. <u>See</u> <u>Miles</u>, 266 Va. at 117, 581 S.E.2d at 195; <u>see also</u> <u>Abels v. Kaiser</u>, 913 F.2d 821, 823 (10th Cir. 1990).

IV.

We conclude that Jenkins was entitled to file his petition for a writ of habeas corpus in this Court. We further conclude that Jenkins' claim of ineffective assistance of counsel must be measured by the <u>Strickland</u> standard and that, under the <u>Strickland</u> two-prong test, Jenkins established that he was denied the effective assistance of counsel and should be granted a belated appeal.

Accordingly, we will grant the writ of habeas corpus, and we will award Jenkins a belated appeal. We note, however, that Jenkins will remain confined to a secure facility designated by the Commissioner of the Department of Mental Health, Mental Retardation and Substance Abuse Services pending his appeal. Additionally, Jenkins will remain subject to any statutory reviews set forth in the Virginia Sexually Violent Predators Act, Code § 37.2-900, et seq.

<u>Petition granted</u>.