# CIRCUIT COURT OF THE CITY OF ROANOKE

Brian Keith Wright

    v.

Warden of the Powhatan
Correctional Center

August 17, 2009

Case No. CL0900982
Supreme Court Record No. 082410

BY JUDGE CLIFFORD R. WECKSTEIN

*Upon a Petition for Writ of*
*Habeas Corpus ad Subjiciendum*
*Filed in the Supreme Court of Virginia*

*Findings of Fact and*
*Recommended Conclusions of Law*

The Supreme Court of Virginia directed this Court to take evidence in order to answer a single question: whether the petitioner, Brian K. Wright, was denied the right to appeal criminal convictions. Wright bore the burden of proving by the greater weight of the evidence that he had timely instructed his attorney to note an appeal. He did not meet that burden. He was not denied the right to appeal.

*History of the Case*

Wright filed a petition for writ of habeas corpus in the Supreme Court of Virginia, invoking that Court's original jurisdiction. On May 4, 2009, the Supreme Court directed this Court to appoint counsel to represent Wright in

an evidentiary hearing; to hold a hearing within ninety days; and to decide whether the petitioner was denied the right to appeal. The Supreme Court's order directed that this Court report its findings of fact and recommended conclusions of law to the Supreme Court within sixty days of the conclusion of the hearing.

On May 6, 2009, this Court appointed an able attorney, Christopher W. Ingle, to represent Wright.

This Court conducted an evidentiary hearing on July 20, 2009. Petitioner Wright, was present in person throughout the proceedings, together with his attorney, Christopher W. Ingle. The respondent Warden was represented by Eugene Murphy, Senior Assistant Attorney General. Both parties presented evidence *ore tenus*, and the matter was argued by counsel. The proceedings were taken down and transcribed. That transcript was delivered to and received by the Clerk's Office of this Court on August 12, 2009. As Va. Code § 8.01-654(B)(5) provides, the transcript is made a part of the record.

## Incorporation of Criminal Record

This Court also incorporates in the record of this case the underlying Roanoke City Circuit Court criminal files, CR07-1810 and CR07-1813. Those files contain transcripts of proceedings held on December 28, 2007, and February 28, 2008.

## Findings of Fact

Petitioner Brian Keith Wright was convicted in a bench trial in the Circuit Court of the City of Roanoke of statutory burglary (Virginia Code § 18.2-91). In the same proceeding, he entered a guilty plea to, and was convicted of, credit card theft (§ 18.2-192). He was represented by Jessica P. Preston, an assistant Public Defender for the City of Roanoke.

A presentence report was prepared. On February 28, 2008, the Court sentenced Wright to consecutive five-year terms of imprisonment for statutory burglary and credit card theft, suspended three years and three months of each sentence, and placed him on probation upon his release.

Monday, March 31, 2008, was the last day on which a timely appeal of these judgments could have been noted. *See* Va. Code §§ 1-210, 8.01-675.3, 19.2-325; Rule 5A:6; *but see* Rule 5A:3 (single thirty-day extension may be granted by three judges of Court of Appeals if warranted by unpredictable and unavoidable extraordinary occurrence or catastrophic circumstance.) No appeal was noted.

Wright's attorney, Preston, visited with him in jail on March 17, 2008. Preston had met on March 4 with Wright's then-girlfriend, April Farris, who conveyed a message from Wright that he wanted to talk with Preston about appealing. The conversation with Farris caused Preston to prepare a draft notice of appeal, which she anticipated filing after meeting with Wright.

However, both Wright and Preston testified that, at the end of their face-to-face discussion on March 17, Wright unequivocally told his lawyer that he did not wish to appeal.

There is one detail about which Wright and Preston have differing recollections. Wright testified that he signed a document stating that he did not wish to appeal. Preston testified that she left with him an "Appeal Information Form," which she was required to do under policies of the Virginia Indigent Defense Commission, but that he did not sign anything. She also testified that she "documented" the instructions she received from Wright on March 17 in her file and elsewhere.

Wright testified that, during the month of March of 2008 and after his last meeting with Preston, he wrote at least one letter to her, telling her that he did, in fact, want to appeal. Unaware that the date of his last face-to-face meeting with Preston was March 17, he testified that he thought he had written this letter or letters around March 9. On cross-examination, when he was shown a letter that he had written to the Circuit Court Clerk on May 8, 2008, Wright said, "That was the eighth, yeah. I thought it was the ninth. It was the eight[h]."

Wright testified that "I think she wrote me back and said it was too late," and later testified that he "got one [letter from Preston] that said it was too late, so I left it alone."

Preston has neither record nor recollection of a letter from Wright instructing her to note an appeal. If she had received such a letter, she testified, she would remember it. Wright testified that he does not have a copy of the alleged March letter(s); that he had once received a copy of his letter(s) from the circuit court clerk; and that the circuit court clerk's office later said his letters were no longer in the file. The criminal case files do not contain any such letters or any requests from Wright for copies of such letters or letters to Wright, telling him that his letters were no longer in the file.

(On December 4, 2008, the circuit court clerk's office received a letter dated November 28 from Wright "to request your assistance in a matter dealing w/ an inquiry that I sent to you approx (3) wks ago pretaining [*sic*] to a motion for appt counsel & a motion for a belated appeal [notice]." In a reply dated December 14, 2008, a deputy clerk wrote that the clerk's office "has no record of receiving such an inquiry, or of receiving papers described in your letter.")

In the May 8 letter to the clerk that Wright was shown on cross-examination, he wrote that he wanted to petition the circuit court "in reguards [*sic*] to either a resentencing; or perhaps a sentence reduction hearing. I wish to base this formal writ on the grounds that the breaking and entering charges against me should be reviewed as well as reconsider [*sic*]."

Wright's habeas corpus petition refers to both convictions, statutory burglary and credit card theft, but this Court thinks it clear from Wright's correspondence and filings that the case in which Wright seeks appellate review, and believes the trial court committed material error, is the burglary case.

He also wrote to Preston on May 16, 2008, about "filing a motion of re-sentencing [appeal]; or perhaps a sentence reduction." Neither letter mentioned any previous request to appeal. In both letters, however, Wright alluded to the fact that he might at any time be transported to a unit of the Department of Corrections, which would terminate the trial court's right to suspend all or any portion of his sentences. *See* Va. Code § 19.2-303.

The November 28 letter did not mention a prior request to appeal.

This Court heard and saw the witnesses on the stand and finds that the evidence does not preponderate in favor of Wright's assertion that he timely instructed his attorney to note an appeal. As fact-finder, who has determined the weight and effect of the evidence and the credibility of the witnesses, I am not at all persuaded that Wright timely instructed his lawyer to note an appeal; I am not satisfied that Wright ever instructed his lawyer to note the appeal.

*Suggested Conclusions of Law*

The petitioner in a habeas proceeding has the burden of proving his allegations by the greater weight of the evidence. *Curo v. Becker*, 254 Va. 486, 489, 493 S.E.2d 368 (1997).

When a criminal defendant timely instructs counsel to file an appeal and counsel fails to do so, the performance of counsel is constitutionally deficient, and the criminal defendant is entitled to a delayed appeal. Prejudice need not be proven; it is presumed. *Jenkins v. Director of the Va. Ctr. for Behavioral Rehab.*, 271 Va. 4, 17-19, 624 S.E.2d 423 (2006).

Since Wright has failed to prove by the greater weight of the evidence that he timely instructed his attorney to file an appeal, he was not "denied the right to appeal."

The Circuit Court of the City of Roanoke answers in the negative the question posed by the Supreme Court of Virginia.

The petitioner's objections are preserved, for all of the reasons stated or suggested in the pleadings and motions filed.

The Clerk is directed to provide copies of this to Eugene Murphy, Senior Assistant Attorney General; to Christopher W. Ingle, attorney for the petitioner; and to Jessica P. Preston, Assistant Public Defender for the City of Roanoke. Pursuant to Rule 1:13, the Court dispenses with endorsements.

The Clerk of the Circuit Court of the City of Roanoke shall transmit the record of these proceedings to the Clerk of the Supreme Court of Virginia, and thereupon again remove the cause from the docket.