Present:  All the Justices

LORENZO TOWNES

OPINION BY
v.  Record No. 040979    JUSTICE LAWRENCE L. KOONTZ, JR.
March 3, 2005

COMMONWEALTH OF VIRGINIA[*]

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Judge

Pursuant to Code § 37.1-70.6(A), the Commonwealth successfully petitioned the Circuit Court of Campbell County (trial court) to civilly commit Lorenzo Townes as a sexually violent predator.  In this appeal, the dispositive issue we consider is whether Townes was subject to the statutory scheme for the civil commitment of sexually violent predators.

BACKGROUND

On April 18, 1973, Townes was convicted in the Circuit Court of Campbell County of statutory rape in violation of former Code § 18.1-44 and was sentenced to eighteen years' imprisonment.  A conviction under former Code § 18.1-44 is

---

[*] In the trial court this case was styled "Jerry W. Kilgore, Attorney General of Virginia, ex rel. Commonwealth of Virginia v. Lorenzo Townes."  While Code § 37.1-70.6 directs the Attorney General to initiate the proceedings for civil commitment of an alleged sexually violent predator, Code § 37.1-70.16 makes clear that in doing so the Attorney General acts as counsel for the Commonwealth in such proceedings.  Thus, the Commonwealth is not a relator with only a beneficial interest in the action but is the real party in interest.  Accordingly, we have amended the name of this case to reflect the proper style.

defined as a predicate "sexually violent offense" for the determination of a person as a "sexually violent predator." Code § 37.1-70.1. Townes completed serving his sentence for this offense on January 22, 1991. However, as the result of convictions for other offenses, none of which were sexually violent offenses, committed by Townes while he was in prison, Townes remained continuously in prison until April 2, 2002, when he was granted parole. Townes violated his parole almost immediately and was returned to prison on April 15, 2002 to complete his remaining sentence.

On April 2, 2003, the Director of the Virginia Department of Corrections notified the Commitment Review Committee that Townes, who was scheduled to be released from prison on August 15, 2003, was subject to review for civil commitment by the Commitment Review Committee because he had committed a sexually violent offense and had been identified through testing as being likely to re-offend. Code § 37.1-70.4. Following an examination of Townes by Dr. Stephen M. Herrick, a licensed clinical psychologist and certified sexual offender treatment provider, as required by Code § 37.1-70.5(B), the Commitment Review Committee completed its assessment of Townes and on May 21, 2003 forwarded to the Attorney General a recommendation that Townes be committed as a sexually violent predator.

On June 25, 2003, the Commonwealth filed in the trial court a petition for the civil commitment of Townes. By order entered that same day, counsel was appointed for Townes as required by Code § 37.1-70.2. The trial court subsequently entered an order for the appointment of Dr. Evan Nelson, a clinical psychologist, as a mental health expert to aid in Townes' defense.

On July 18, 2003, the trial court conducted a probable cause hearing as required by Code § 37.1-70.7. After hearing testimony from Dr. Herrick, the trial court determined that there was probable cause to believe that Townes is a sexually violent predator and ordered that Townes remain in custody until a full hearing on the Commonwealth's petition could be conducted.

On September 19, 2003, Townes filed several motions to dismiss the Commonwealth's petition. Townes contended in one of the motions that the trial court lacked jurisdiction because he had completed his sentence for the 1973 rape conviction and, thus, was not incarcerated for a predicate sexually violent offense at the time the Commonwealth's petition was filed.[1] The

---

[1] Townes also challenged the validity of the 1973 rape conviction because Townes was a juvenile at the time of the offense and allegedly was not afforded adequate due process when he was transferred from the juvenile court to the circuit court for trial as an adult. Although Townes reasserts this argument on appeal, it is not germane to our resolution of the dispositive issue and, accordingly, we will not address it. We note, however, that in 2003 the legislature amended Code § 37.1-

3

trial court subsequently ruled that although Townes had completed his sentence for the 1973 rape conviction, he was subject to commitment as a sexually violent predator because he remained incarcerated on other offenses.

During the trial on the commitment petition, the Commonwealth presented evidence from Dr. Herrick, a Department of Corrections employee, two probation and parole officers, and the police officer who had arrested Townes on the 1973 rape charge. Townes presented evidence from Dr. Nelson and Townes' aunt and brother. Because our resolution of this appeal does not require an examination of the evidence presented by these witnesses, we need not recount the substance of their testimony.

Although the two expert witnesses differed in their opinions, the trial court determined that Townes is a sexually violent predator. The trial court specifically found that the evidence established that Townes suffers from an antisocial personality disorder that makes it difficult for him to control his predatory behavior, and which makes it likely that he will engage in sexually violent acts in the future. The trial court further determined that Townes was in need of in-patient

---

70.2 to include the provision that "[i]n no event shall a prisoner or defendant be permitted, as a part of any proceedings under this article, to raise challenges to the validity of his prior criminal sentences or institutional convictions." Acts 2003, chs. 989 and 1018.

treatment and that there was no suitable less restrictive alternative to in-patient treatment. Accordingly, in an order dated February 9, 2004, the trial court, pursuant to Code § 37.1-70.10, ordered that Townes be committed to the custody of the Department of Mental Health, Mental Retardation and Substance Abuse Services for appropriate treatment and confinement in a secure facility. We awarded Townes this appeal.

## DISCUSSION

Along with Commonwealth v. Allen, 269 Va. ___, ___ S.E.2d ___ (2005) (today decided) and McCloud v. Commonwealth, 269 Va. ___, ___ S.E.2d ___ (2005) (today decided), this case involves the procedures required to be followed in order for the Commonwealth to have a prisoner who has been convicted of a sexually violent offense declared to be a sexually violent predator and to have that prisoner involuntarily committed to a secure mental health facility at the time of his release from prison. Those procedures are set out in Chapter 2, Article 1.1 of Title 37.1, commonly referred to as the Sexually Violent Predators Act (SVPA). Code § 37.1-70.1 through Code § 37.1-70.19. We have reviewed those procedures in some detail in McCloud and need not do so again here.

Townes contends that the trial court erred in finding that he remained subject to the SVPA despite the undisputed fact that

5

he had completed serving his sentence for the 1973 rape conviction, which the Commonwealth's petition stated was the sexually violent predicate offense supporting the assertion that Townes is a sexually violent predator. The Commonwealth responds that "[t]he General Assembly did not specifically require that the prisoner be currently serving a sentence for the sexually violent offense, only that he be in prison and have [been convicted of] one of the four predicate offenses" identified in Code § 37.1-70.1 that constitute sexually violent offenses.

In relevant part, Code § 37.1-70.4 provides:

. . . .

> B. The Director of the Department of Corrections shall establish and maintain a database of prisoners in his custody who are incarcerated for sexually violent offenses.

> C. Each month, the Director shall review the database of prisoners incarcerated for sexually violent offenses and identify all such prisoners who are scheduled for release from prison within 10 months from the date of such review who receive a score of four or more on the Rapid Risk Assessment for Sexual Offender Recidivism or a like score on a comparable, scientifically validated instrument as designated by the Commissioner. Upon the identification of such prisoners, the Director shall forward their name, their scheduled date of release, and a copy of their file to the [Commitment Review Committee] for assessment.

(Emphasis added).

Code § 37.1-70.5(A) provides:

6

Within 90 days of receiving notice from the Director pursuant to § 37.1-70.4 regarding a prisoner <u>who is incarcerated for a sexually violent offense</u>, the [Commitment Review Committee] shall (i) complete its assessment of such prisoner for possible commitment pursuant to subsection B and (ii) forward its recommendation regarding the prisoner, in written form, to the Attorney General pursuant to subsection C.

(Emphasis added).

The Commonwealth's contention that the language of these statutes does not limit the application of the SVPA to those prisoners who are currently serving a sentence for a sexually violent offense as defined by Code § 37.1-70.1 ignores the present tense of that language. Grammatically the phrase "who is incarcerated for a sexually violent offense" simply does not purport to include prisoners incarcerated on offenses other than statutorily defined sexually violent offenses. The Commonwealth contends, however, that this Court should accept the Commonwealth's interpretation of these statutes because to do otherwise would frustrate the purpose of the SVPA. We disagree.

It cannot be seriously disputed that a person subjected to an involuntary civil commitment proceeding has a substantial liberty interest in avoiding confinement in a mental hospital. <u>Zinermon v. Burch</u>, 494 U.S. 113, 131 (1990). "Civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." <u>Addington v. Texas</u>, 441 U.S. 418, 425 (1979). Accordingly, we are of opinion that,

7

although civil in nature, a statutory scheme such as the SVPA that permits an involuntary commitment process to be initiated by the Commonwealth is subject to the rule of lenity normally applicable to criminal statutes and must therefore be strictly construed.

Contrary to the Commonwealth's interpretation, when strictly construed, the clear and unambiguous language of Code §§ 37.1-70.4 and 37.1-70.5 requires that a prisoner must be serving an active sentence for a sexually violent offense as defined by Code § 37.1-70.1 at the time he is identified as being subject to the SVPA.  Moreover, the Commonwealth's interpretation of the law would require us to add language and broaden the scope of the act by applying it to prisoners "who are or previously have been incarcerated for sexually violent offenses."  Courts cannot add language to the statute the General Assembly has not seen fit to include.  Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003), cert. denied, ___ U.S. ___, 125 S.Ct. 164 (2004).  "Nor are they permitted to accomplish the same result by judicial interpretation."  Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001)).[2]

---

[2] Code § 37.1-70.1, the SVPA's definitional statute, does define a "sexually violent predator" as "any person who . . . has been convicted of a sexually violent offense." (Emphasis added).  However, the statute's use of the present perfect tense

The Commonwealth concedes that at the time Townes was identified by the Director and referred to the Commitment Review Committee he had completed serving his sentence for the 1973 rape conviction. Accordingly, we hold that since Townes was no longer "incarcerated for a sexually violent offense" at the time of the Director's notice to the Commitment Review Committee in this case, the trial court erred in ruling that Townes was subject to the provisions of the SVPA as a sexually violent predator.[3]

CONCLUSION

For these reasons, we will reverse the judgment of the trial court and dismiss the Commonwealth's petition.

Reversed and dismissed.

---

here in a passive construction is not relevant, as the definition describes a person who has been determined to be a sexually violent predator, not a prisoner who is subject to the process for making that determination.

[3] Because Townes was not subject to commitment under the SVPA, we need not consider his further assignment of error challenging the trial court's determination that the evidence was sufficient to declare him to be a sexually violent predator.