# CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

v.

Robert Lee Brown

April 11, 2007

Case No. CL07000026

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the contested discovery issues in this case.

First, I grant the request for the Commitment Review Committee (CRC) Assessment. Va. Code § 37.2-904 mandates that the CRC complete its assessment and forward its recommendation to the Attorney General within ninety days of receiving notice from the Director. This is a statutory predicate to filing an action for the civil commitment of a sexually violent predator. Accordingly, the respondent is entitled to a copy of this report in order to determine whether the statutory mandate has been met.

Civil commitment constitutes a significant deprivation of liberty that requires due process protection. *Addington v. Texas*, 441 U.S. 418, 425, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979); *Townes v. Commonwealth*, 269 Va. 234, 240, 609 S.E.2d 1 (2005). Further, as noted in *Townes*, the involuntary commitment process "is subject to the rule of lenity normally applicable to criminal statutes and therefore must be strictly construed." *Townes*, 269 Va. at 240. Because these statutes must be strictly construed, the respondent is allowed to determine whether the CRC report has been filed with the requisite period of time. Accordingly, the respondent may have a copy of this report.

The respondent also seeks to have a copy of any records showing why "his release date was extended from November 24, 2006, until March 22, 2007." This request is denied.

In his motion to dismiss, the respondent states that his mandatory release date was November 24, 2006. The complaint of the petitioner sets forth that, on August 23, 2006, the Director notified the CRC that the respondent qualified for review under the Act. Thus, under the allegations of the motion to dismiss of the respondent, the respondent was still serving his sentence on August 23, 2006. Va. Code §§ 37.2-903 and 37.2-904 requires that the prisoner be incarcerated for a sexually violent offense at the time that the CRC is notified. Further, the Supreme Court of Virginia has held that a prisoner must be serving an active sentence for a sexually violent offense at the time he is identified by the Director and notice is given to the CRC. *Townes v. Commonwealth*, 269 Va. 234, 240-41, 609 S.E.2d 1 (2005).

Therefore, whether the release date is November 24, 2006, or March 22, 2007, the Commonwealth has complied with the requirement that the defendant be serving an active sentence for a sexually violent offense at the time that he is identified and notice is given to the CRC. Accordingly, and in this case, this information is not needed by the defendant.

I believe that I have ruled on the only two matters in issue. If there are any other matters that require a ruling, please advise me.

At our last hearing, I denied the motion of the respondent to appoint the expert he proposed to assist him in this case because the expert did not have qualifications required under Va. Code §§ 37.2-907 and 37.2-904. The respondent should note that I am still willing to appoint an expert who has the qualifications required under these code sections if requested by the respondent within a reasonable time prior to trial.

Last, I require that the CRC report be filed with the respondent within twenty-one days of the entry of the order implementing the ruling in this letter.