# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Steven Demille

February 18, 2009

Case No. CL-2004-225686

BY JUDGE DENNIS J. SMITH

On April 26, 2006, this Court held by clear and convincing evidence that Defendant, Steven Demille, was a sexually violent predator pursuant to Virginia Code § 37.2-900, *et seq.*, and continued the matter for the sentencing phase of the trial pursuant to § 37.2-908(C). Mr. Demille later changed counsel, and a Motion to Dismiss was thereafter filed on his behalf. The Court set and held an evidentiary hearing, after which the Court took the matter under advisement.

*Facts*

On June 1, 1988, Demille was convicted of escape and sentenced to ten days incarceration. On August 4, 1988, Demille was convicted of indecent exposure and sentenced to seven days incarceration. On August 9, 1988, Demille was convicted of petit larceny and sentenced to twelve months incarceration with nine months suspended. On October 21, 1988, Demille was convicted of burglary and sentenced to four years incarceration with one year suspended. On June 9, 1989, Demille was convicted of rape and sentenced to twenty-five years incarceration with ten years suspended. In total, Demille was

to serve seventeen years, three months, and seventeen days. Finally, while in the custody of the VDOC, Demille was convicted on June 16, 1992, in the Southampton County Circuit Court of "Possession of a Weapon by an Inmate" and sentenced to five years incarceration with four years suspended, thereby increasing his total sentence to eighteen years, three months, and seventeen days.

Demille first began serving his time in prison on April 27, 1988, and was released on mandatory parole on August 12, 1999. He was re-incarcerated on September 26, 2000, for an alleged violation of parole. On June 26, 2001, the Virginia Parole Board revoked Demille's parole supervision. He then remained incarcerated on his criminal sentences until discharged to the civil hold pursuant to the Sexually Violent Predators Act ("SVPA") on September 15, 2004.

On May 19, 2004, the Director of VDOC notified the Commitment Review Committee ("CRC") that Demille qualified for review for commitment and was scheduled for release from prison on September 15, 2004. The CRC completed the assessment of Demille, and the Office of the Attorney General received the CRC's recommendations on July 27, 2004. On September 14, 2004, the Attorney General brought the instant Petition for the civil commitment of Demille as a sexually violent predator.

Demille now requests this Court to dismiss the Commonwealth's petition, claiming that Demille's rape sentence ended on January 24, 2004, and arguing that, because the Petition was not filed until September 14, 2004, the Petitioner has failed to plead the elements necessary to subject Demille to the SVPA, namely that Demille was incarcerated for a predicate sexually violent offense at the time of the filing of the petition.

*Analysis*

The Virginia Supreme Court has held that, because proceedings under the SVPA may result in a defendant's involuntary confinement, he has a substantial liberty interest at stake. *See Townes v. Commonwealth*, 269 Va. 234, 240, 609 S.E.2d 1 (2005). As a result of this liberty interest, the Court applies the rule of lenity normally applicable to penal statutes to the Act's provisions. Under that rule, a statute must be strictly construed in favor of a defendant's liberty and may not be extended by implication or construction. *Id.*

The law at the time Demille was identified as being subject to the SVPA, Va. Code § 37.1-70.4 (2004), read as follows:

(B) The Director of the Department of Corrections shall establish and maintain a database of prisoners in his custody who are incarcerated for sexually violent offenses. The database shall include the following information regarding each prisoner: (i) the prisoner's criminal record, (ii) the prisoner's sentences and scheduled date of release, and (iii) the appropriate locality for a commitment petition.

(C) Each month, the Director shall review the database of prisoners incarcerated for sexually violent offenses and identify all such prisoners who are scheduled for release from prison within 10 months from the date of such review who receive a score of four or more on the Rapid Risk Assessment for Sexual Offender Recidivism or a like score on a comparable, scientifically validated instrument as designated by the Commissioner. Upon the identification of such prisoners, the Director shall forward their name, their scheduled date of release, and a copy of their file to the CRC for assessment.

This Code section has since been amended and re-codified at § 37.2-900 (2007) *et seq.*

In *Townes v. Commonwealth*, the trial court held that Townes was a sexually violent predator and ordered him to remain in custody until a full hearing. *Id.* at 237-38. Townes subsequently filed a Motion to Dismiss arguing that the court lacked jurisdiction because he had completed his sentence for the rape conviction and was not incarcerated for a predicate sexually violent offense at the time the Commonwealth's petition was filed. *Id.* The trial court overruled the Motion, and, on appeal, the Supreme Court agreed with the prisoner, ruling that he was not subject to the Act because he was not currently incarcerated for a sexually violent predicate offense. *Id.* at 241.

The Court stated that the clear and unambiguous language of Va. Code §§ 37.1-70.4 and 37.1-70.5 requires that a prisoner must be serving an active sentence for a sexually violent offense, as defined by Va. Code § 37.1-70.4, *at the time he is identified as being subject to the Sexually Violent Predator Act. Id.* (emphasis added). The *Townes* Court held that, because the Defendant was no longer incarcerated for a sexually violent offense at the time of VDOC's notice to the CRC, the trial court erred in ruling that the Defendant was subject to the provisions of the SVPA as a sexually violent predator. *Id.*

Demille was identified as being subject to the SVPA on May 19, 2004, when the Director of VDOC notified the CRC of his eligibility. Therefore, the question before this Court is whether Demille was actively serving a sentence for a sexually violent offense on May 19, 2004.

In Virginia, a combination of case law and statutes direct the specifics of sentence length and sequence. The determination of the length of sentences lies exclusively within the discretion of the Department of Corrections. *Commonwealth v. Bertini*, 68 Va. Cir. 255, 258 (2005) (holding that Virginia law places the responsibility of establishing criteria for earning good behavior credits, and the subsequent allotment of such credits to prisoners, squarely with the VDOC). Necessarily, the computations of sentence *length* provided by the VDOC control (unless VDOC's computations are in violation of the Code of Virginia or the Virginia Constitution) when resolving Demille's status as of May 19, 2004.

VDOC policy applies a "first in time" rule to the sequencing of sentences. *Brown v. Virginia Dept. of Corrections* instructs that inmates are to serve their sentences in the order in which they are received. *Brown v. Virginia Dept. of Corrections*, 886 F. Supp. 531, 534 (E.D. Va. 1995) (finding that the VDOC correctly calculated an inmate's eleven sentences pursuant to the VDOC policy of inmates serving their sentences in the order in which they were received). VDOC also correctly interprets Va. Code § 19.2-309 (2008) to state that felonies are only to be served before misdemeanors when a defendant is convicted of a combination of felony and misdemeanor offenses on the same date of judgment. Tr. 24:1-10. In this case, Demille was convicted of felony and misdemeanor offenses spanning the course of several years, and each charge constituted its own separate case. Therefore, Va. Code § 19.2-309 does not apply, and the sentences were served in the order of the judgment with the remaining active time from Demille's first period of incarceration to be served first and the time not physically served on each sentence to be served second.

Va. Code § 53.1-159 (2008) (mandatory parole) requires prisoners to be released on parole "six months prior to [their] date of final release." Dennis Dunn, Policy and Planning Specialist and Time Computation Auditor for the VDOC, testified at the evidentiary hearing that, when Demille was released on mandatory parole, he still had six months active time left to serve on his last criminal offense, Possession of a Weapon. Tr. 12:12-17. Mr. Dunn further testified that, upon Demille's revocation of parole, those remaining six months would be served first. Tr. 13:5. This interpretation is consistent with § 53.1-159, which clearly requires a parolee whose mandatory parole has been revoked to serve the remaining six months which was previously unserved at

the time of the parolee's initial release. After serving the remainder of his active sentence for the weapons possession charge, Demille was required to serve the remaining time on each of his sentences which he had not physically served. The evidence reflects that he had time not physically served on each of his sentences. Tr. 19:7.

Applying the above guidelines to the instant case, it appears that Demille was incarcerated for rape on May 19, 2004. Using the sentence lengths provided by the VDOC, starting with the active time remaining on the possession of a weapon charge, the chronology for Demille's second period of incarceration is as follows:

| Dates of Incarceration | Offense (date of judgment) |
| --- | --- |
| Sept. 26, 2000, to Jan. 26, 2001 | Possession of Weapon (June 16, 1992) |
| Jan. 26, 2001, to Jan. 28, 2001 | Escape (June 1, 1988) |
| Jan. 28, 2001, to Jan. 29, 2001 | Indecent Exposure (Aug. 4, 1988) |
| Jan. 29, 2001, to Feb. 19, 2001 | Petit Larceny (Aug. 9, 1988) |
| Feb. 19, 2001, to May 27, 2001 | Burglary (Oct. 21, 1988) |
| May 27, 2001, to July 31, 2004 | Rape (June 9, 1989) |
| July 31, 2004, to Sept. 15, 2004 | Possession of a Weapon (June 16, 1992) |

*Conclusion*

For these reasons, Demille's Motion to Dismiss is hereby denied.