PRESENT:  All the Justices

GORDON H. HARRIS

                                              OPINION BY
v.    RECORD NO. 090655          JUSTICE CYNTHIA D. KINSER
                                          JANUARY 15, 2010
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      Burnett Miller, III, Judge

        Pursuant to the Civil Commitment of Sexually Violent

Predators Act (the Act), Code §§ 37.2-900 through -920, the

Commonwealth filed a petition seeking to have Gordon H. Harris

classified as a sexually violent predator and civilly

committed for treatment.  The circuit court found by clear and

convincing evidence that Harris was a sexually violent

predator and that there was no suitable alternative to

involuntary secure inpatient treatment and hospitalization.

Harris assigns error to the circuit court's denial of his

motion to dismiss the Commonwealth's petition, claiming that

he was wrongfully included in the database of prisoners

incarcerated for sexually violent offenses.  He also asserts

the circuit court abused its discretion by granting the

Commonwealth's motion to amend its petition to allege a

different predicate sexually violent offense.  We will affirm

the circuit court's judgment.

        In its petition filed on March 20, 2008, the Commonwealth

alleged that Harris was incarcerated and in the custody of the

Department of Corrections (DOC) for conviction of a "sexually violent offense" as defined in Code § 37.2-900.[1] According to the Commonwealth, in January 1997 Harris was convicted of and sentenced for attempted forcible sodomy, abduction, and five counts of taking indecent liberties.[2] The Commonwealth further alleged that Harris' conviction for attempted forcible sodomy qualified as a predicate sexually violent offense for the purpose of adjudicating his status as a sexually violent predator under the Act.

Prior to the trial to determine whether Harris was a sexually violent predator, see Code § 37.2-908, he filed a motion to dismiss the Commonwealth's petition. Harris asserted that he was wrongfully included in the Commonwealth's database as a prisoner incarcerated for a sexually violent

---

[1] Harris was scheduled for release from incarceration around April 6, 2008.

[2] On January 24, 1997, the Circuit Court of Henrico County entered an order convicting Harris of attempted forcible sodomy in violation of Code § 18.2-67.5, abduction in violation of Code § 18.2-48, and five counts of taking indecent liberties in violation of Code § 18.2-370. Commonwealth v. Gordon H. Harris, CR 96-3280/3281/3282-00F, CR 97-64/65/66/67-00F (Henrico Co. Cir. Ct., Jan. 24, 1997). In the same order, the circuit court sentenced Harris to incarceration for a term of ten years on the attempted forcible sodomy conviction, life for the abduction conviction, and five years on each of the convictions for taking indecent liberties. Id. The court suspended all the sentences except for eight years of the life sentence for the abduction conviction.

offense.[3]  According to Harris, he received a suspended

sentence for his attempted forcible sodomy conviction, the

predicate sexually violent offense identified in the

Commonwealth's petition, and his incarceration was actually

for another offense.  Thus, argued Harris, it was error to

subject him to the provisions of the Act.

At the commencement of his trial, Harris reiterated the

grounds for his motion to dismiss the Commonwealth's petition.

During oral argument on his motion, the circuit court noted

that Harris was also convicted of abduction with the intent to

defile and queried whether that offense qualified as a

sexually violent offense.  In response to the court's

question, Harris pointed out that the 1997 order merely stated

that he was convicted of abduction in violation of Code

§ 18.2-48; the order did not specify that the conviction was

for abduction with the intent to defile in violation of Code

---

[3] Pursuant to the provisions of Code § 37.2-903(A), the Director of the DOC "shall establish and maintain a database of each prisoner in his custody who is (i) incarcerated for a sexually violent offense or (ii) serving or will serve concurrent or consecutive time for another offense in addition to time for a sexually violent offense."

§ 18.2-48(ii).[4]  The circuit court then read from the

indictment:

>      The charge reads, [o]n or about August 10,
> 1996, in the County of Henrico, Gordon H. Harris,
> did unlawfully and feloniously abduct . . . a minor
> child, with the intent to defile in violation of
> [Code §] 18.2-409 against the peace and dignity of
> the Commonwealth.[5]

In response to the circuit court's subsequent inquiry as

to whether Harris was convicted as charged in the indictment

or whether the charge was reduced, counsel for Harris stated:

"I accept that fact that the indictment was not amended, but

what [I am] saying is that the sentencing order itself does

not specifically cite [subsection ii] of [Code §] 18.2-48,"

which specifies abduction with the intent to defile.

The Commonwealth acknowledged that Harris was not serving

a term of active incarceration for his attempted forcible

sodomy conviction.  The Commonwealth further admitted that it

therefore should have relied on the abduction conviction as

the predicate sexually violent offense in its petition instead

---

[4] In relevant part, the provisions of Code § 18.2-48 state: "Abduction (i) with the intent to extort money or pecuniary benefit, (ii) of any person with intent to defile such person, or (iii) of any child under sixteen years of age for the purpose of concubinage or prostitution, shall be a Class 2 felony."

[5] During oral argument before this Court, Harris acknowledged that the citation to Code § 18.2-409 was a typographical error in the transcript of the hearing and should be Code § 18.2-48.

of the attempted forcible sodomy conviction.  Thus, the Commonwealth moved to amend the petition to state that the predicate sexually violent offense for which Harris was incarcerated was abduction with the intent to defile.  Over Harris' objection, the circuit court allowed the amendment and denied Harris' motion to dismiss.

Harris then stipulated: "At this stage noting our exceptions, we are not objecting to the finding that [Harris] is a sexually violent predator based on the testimony of" two mental health experts qualified in the diagnosis, treatment, and risk assessment of sex offenders.  Thus, the only determination remaining for the circuit court was whether there were any suitable less restrictive treatment alternatives to involuntary secure inpatient treatment.  See Code § 37.2-908(D),(E).  After hearing testimony from the two mental health experts, the court found by clear and convincing evidence that alternatives to involuntary secure inpatient treatment and hospitalization were unsuitable.  Thus, the court committed Harris to the custody of the Department of Mental Health, Mental Retardation and Substance Abuse Services for appropriate treatment and confinement in a secure facility.

Now on appeal, Harris assigns error to the circuit court's denial of his motion to dismiss and to the court's

5

granting the Commonwealth's motion to amend its petition. With regard to the first issue, Harris argues here, as he did before the circuit court, that since he was not incarcerated on the attempted forcible sodomy conviction, he should not have been included in the database of prisoners maintained by the Director of the DOC and forwarded to the Commitment Review Committee pursuant to Code § 37.2-903(D). Therefore, according to Harris, the circuit court erred by refusing to dismiss the Commonwealth's petition. As to the amendment of the petition, Harris asserts that the circuit court abused its discretion by granting the Commonwealth's motion to amend because the amendment in effect added language to the 1997 conviction and sentencing order. Thus, Harris contends he should be released from civil commitment as a sexually violent predator because the Commonwealth's petition identified the attempted forcible sodomy conviction as the predicate sexually violent offense and the 1997 order, on its face, did not show that he was convicted of abduction with the intent to defile.

The term "[s]exually violent offense" is defined, inter alia, as "a felony under [Code] § 18.2-67.1 [forcible sodomy], . . . § 18.2-48(ii) [abduction with the intent to defile] or attempt to commit any of the above offenses." Code § 37.2-900. Thus, both attempted forcible sodomy and abduction with the intent to defile constitute sexually violent offenses

6

under the Act.  However, as Harris argues, in Townes v. Commonwealth, 269 Va. 234, 609 S.E.2d 1 (2005), we held that "the clear and unambiguous language of Code §§ 37.1-70.4 and 37.1-70.5 [now Code §§ 37.2-903 and -904, respectively] requires that a prisoner must be serving an active sentence for a sexually violent offense as defined by Code § 37.1-70.1 [now Code § 37.2-900] at the time he is identified as being subject to the [Act]."[6]  Id. at 240-41, 609 S.E.2d at 4. Although Harris received a sentence of ten years of incarceration on his attempted sodomy conviction, the entire sentence was suspended.  Thus, as the Commonwealth acknowledges, he was not serving an active sentence for that conviction when the Director of the DOC included Harris in the database of prisoners incarcerated for sexually violent offenses.

Nonetheless, Harris unquestionably was serving an active sentence of eight years at that time for his abduction conviction.  He received a life sentence for that conviction

---

[6] In 2005 amendments, the General Assembly deleted a portion of the language in former Code §§ 37.1-70.4(C) and -70.5(A) cited by the Court in Townes.  2005 Acts ch. 716. However, the Court also relied upon the requirement in former Code § 37.1-70.4(B) that the Director of the DOC "shall establish and maintain a database of prisoners in his custody who are incarcerated for sexually violent offenses." 269 Va. at 239, 609 S.E.2d at 3 (emphasis in original).  That language remains in Code § 37.2-903(A).

7

and all but eight years were suspended. Furthermore, abduction with the intent to defile qualifies under the Act as a sexually violent offense. Code § 37.2-900. Harris, however, contends that he should not have been identified as being subject to the Act and the circuit court should not have allowed the Commonwealth to amend its petition because the 1997 conviction and sentencing order did not specify that he was convicted of abduction with the intent to defile under Code § 18.2-48(ii). Because the 1997 order is not dispositive of the narrow issues raised in this appeal, we reject Harris' contentions.

As earlier noted, Harris acknowledged during oral argument on his motion to dismiss that the indictment charging him with the offense of abduction with the intent to defile was not amended. Given that concession and the 1997 order confirming that Harris was convicted of and received an active sentence for abduction in violation of Code § 18.2-48, we cannot say the circuit court abused its discretion by granting the Commonwealth's motion to amend its petition to identify the predicate sexually violent offense as abduction with the intent to defile. See Adkins v. Dixon, 253 Va. 275, 279, 482 S.E.2d 797, 800 (1997) ("[T]he decision to permit amendments of pleadings rests in the sound discretion of the trial court and will not be disturbed absent a showing of abuse of

8

discretion.").  The record before us " 'fairly supports the [circuit] court's action' "; thus, the court did not abuse its discretion.  Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 623, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

The circuit court also did not err by refusing to grant Harris' motion to dismiss the Commonwealth's petition.  See Townes, 269 Va. at 241, 609 S.E.2d at 4 (holding that a trial court "erred" in finding that a prisoner was subject to the Act).  Code § 37.2-905.1 states:

> The provisions of [Code] §§ 37.2-903, 37.2-904, and 37.2-905 are procedural and not substantive or jurisdictional.  Absent a showing of failure to follow these provisions as a result of gross negligence or willful misconduct, it shall be presumed that there has been substantial compliance with these provisions.

Harris made no showing of "gross negligence or willful misconduct" in regard to his inclusion in the database of prisoners incarcerated for a sexually violent offense.  Furthermore, his concession that the indictment was never amended when considered with the 1997 order shows he was not wrongfully included in the database.

We note that Harris does not challenge the sufficiency of the evidence to prove that he was a sexually violent predator under the Act.  After the circuit court granted the Commonwealth's motion to amend its petition, Harris stated

9

that he had no objection to a finding that he was a sexually violent predator given the testimony of two mental health experts.  By making that stipulation, Harris acknowledged that he met the definition of a "[s]exually violent predator," i.e., that he had "been convicted of a sexually violent offense, . . . and . . . because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts."  Code § 37.2-900.  Thus, we do not decide whether the 1997 conviction and sentencing order alone would have satisfied the Commonwealth's burden to prove by clear and convincing evidence that Harris was convicted of a sexually violent offense as is required to establish that a person is a sexually violent predator.[7]  See Code § 37.2-900.

---

[7] We also note that the Commonwealth, on brief to this Court, asserts that it submitted to the circuit court the arrest warrant charging Harris with abduction with the intent to defile in violation of Code § 18.2-48(ii), the indictment for the same charge, an order entered on January 8, 1997 referencing Code § 18.2-48(ii) and abduction of a minor with the intent to defile, and Harris' plea agreement dated January 15, 1997 in which he agreed to plead guilty to the "indictments as written."  The Commonwealth, however, failed to introduce those documents into evidence, and they are not exhibits in the circuit court's record in this case.  The language of the indictment charging Harris with abduction with the intent to defile is, however, in the record because the circuit court read the indictment orally during argument on Harris' motion to dismiss.

For these reasons, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.