Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.

HARRY E. WARRINGTON

v.  Record No. 092273   OPINION BY JUSTICE DONALD W. LEMONS
                                    September 16, 2010
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Richard D. Taylor, Jr., Judge

     In this appeal, we consider whether the trial court erred

by holding that the Commonwealth had substantially complied

with certain requirements of Code §§ 37.2-900 et seq., the

Sexually Violent Predator Act ("SVPA"), in its filing of a

petition to civilly commit Harry E. Warrington ("Warrington").

             I.  Facts and Proceedings Below

     Pursuant to Code § 37.2-903, Gene M. Johnson, director of

the Virginia Department of Corrections, referred Warrington to

the Commitment Review Committee ("CRC") on September 3, 2008.

Dr. Lisa Berman ("Dr. Berman") conducted an interview and

evaluation of Warrington on October 28, 2008.  Dr. Berman

submitted her report to the CRC on November 13, 2008.  The CRC

then referred the matter to the Office of the Attorney General

on November 21, 2008.  On February 13, 2009, the Attorney

General filed a petition to commit Warrington as a sexually

violent predator pursuant to Code § 37.2-905.

     Warrington was incarcerated for a conviction of a

qualifying sexually violent offense under Code § 37.2-900,

namely rape. His scheduled release date from incarceration for the criminal offense was March 16, 2009. After receiving the Attorney General's petition to have Warrington civilly committed as a sexually violent predator, the trial court entered an order requiring Warrington to remain in the custody of the Department of Corrections pending a probable cause hearing and a "final order" on the Attorney General's February 13, 2009 petition. The probable cause hearing required by Code § 37.2-906 was initially scheduled for April 3, 2009.

On March 17, 2009, the Attorney General wrote a letter to the trial court and Warrington acknowledging that Dr. Berman's experience did not satisfy the "treatment" criterion required under Code § 37.2-904. The Attorney General requested a continuance of the probable cause hearing so that a qualified expert could be appointed to evaluate Warrington. Warrington filed a motion to dismiss the petition on March 23, 2009, arguing that (i) the 90-day period required by Code § 37.2-905 had expired prior to the Attorney General filing his petition to civilly commit Warrington as a sexually violent predator and (ii) Dr. Berman's lack of qualification pursuant to the statute rendered the petition invalid and that the Attorney General would not be able to conduct a probable cause hearing within the required period pursuant to Code § 37.2-906.

On March 31, 2009, the Attorney General filed his first motion to amend the petition based on an evaluation of Warrington by Dr. Evan Nelson ("Dr. Nelson"), a licensed psychologist who was designated to re-evaluate Warrington. Warrington responded to the Attorney General's first amended petition by filing a memorandum in support of his motion to dismiss on April 1, 2009, in which he renewed his argument that the Attorney General exceeded the 90-day time limit to file a petition pursuant to Code § 37.2-905, that Dr. Nelson's report should not be considered, and that Warrington had been held past his release date based on an invalid report. Additionally, on April 3, 2009, Warrington filed an objection to the Attorney General's first amended petition, in which he argued that the Attorney General committed gross negligence by filing a petition based on the opinion of an unqualified licensed psychologist. Finally, on April 6, 2009, Warrington filed a motion for release from the custody of the Department of Corrections.

Based on Dr. Nelson's report, the Attorney General filed a second amended petition on April 8, 2009. On April 13, 2009, the trial court entered an order holding there was probable cause to believe Warrington "is a sexually violent predator pursuant to [Code §]§ 37.2-900, et seq." The probable cause hearing was conducted in a manner consistent

3

with the requirements of Code § 37.2-906.  In a different order entered the same day, the trial court granted the Attorney General's second motion to amend the petition.

On June 2, 2009, the trial court by order denied all of Warrington's motions and again granted the Attorney General's second motion to file an amended petition.  The hearing to determine the merits of the petition was conducted without a jury.  Upon consideration of the evidence presented, the trial court held that Warrington is a sexually violent predator and committed him to "the custody of the Department of Behavioral Health and Developmental Services ("DBHDS") for appropriate treatment and confinement in a secure facility."

Warrington noted his appeal, and this Court granted an appeal on the following assignments of error:

1. The trial court erred in permitting the Commonwealth to substitute Dr. Nelson's report and opinions for those of Dr. Berman, amend its originally filed Petition, and to proceed with an evaluation taken outside the requisite timeframe set forth in Virginia Code Sections 37.2-903 and 904 and by Dr. Nelson without the benefit of a CRC appointment.

2. The trial court erred in continuing to hold [Warrington] past his release date in order to permit the Commonwealth to conduct a second review over [Warrington]'s objection.

3. The trial court erred in denying [Warrington]'s Motion to Dismiss based on [Warrington]'s failure to comply with the SVPA.

4

II. Analysis

A. Standard of Review

It is well-established that "[s]tatutory interpretation presents a pure question of law and is accordingly subject to de novo review by this Court." Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008) (internal quotation marks omitted). Furthermore,

> a person subjected to an involuntary civil commitment proceeding has a substantial liberty interest in avoiding confinement in a mental hospital. Civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection. Accordingly, we are of opinion that, although civil in nature, a statutory scheme such as the SVPA that permits an involuntary commitment process to be initiated by the Commonwealth is subject to the rule of lenity normally applicable to criminal statutes and must therefore be strictly construed.

Townes v. Commonwealth, 269 Va. 234, 240, 609 S.E.2d 1, 4 (2005) (internal quotation marks and citations omitted); see also Baker v. Commonwealth, 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009).

B. Substantial Compliance

Warrington argues that the trial court erred by not dismissing the Attorney General's petition because the Commonwealth did not substantially comply with the SVPA in filing a civil commitment petition against him. The four

5

statutes from the SVPA at issue in this appeal are:  Code

§§ 37.2-903, 37.2-904, 37.2-905, and 37.2-905.1.  Code § 37.2-

903 states in relevant part:

> A. The Director shall establish and maintain a database of each prisoner in his custody who is (i) incarcerated for a sexually violent offense. . . .

> B. Each month, the Director shall review the database and identify all such prisoners who are scheduled for release from prison within 10 months from the date of such review who receive a score of five or more on the Static-99 or a similar score on a comparable, scientifically validated instrument designated by the Commissioner[.]

> . . . .

> D. Upon the identification of such prisoners, the Director shall forward their names, their scheduled dates of release, and copies of their files to the CRC for assessment.

Code § 37.2-904 states in relevant part:

> A. Within 120 days of receiving notice from the Director pursuant to § 37.2-903 regarding a prisoner who is in the database, or from a court referring a defendant pursuant to § 19.2-169.3, the CRC shall (i) complete its assessment of the prisoner or defendant for possible commitment pursuant to subsection B and (ii) forward its written recommendation regarding the prisoner or defendant to the Attorney General pursuant to subsection C.

> B. CRC assessments of eligible prisoners or defendants shall include a mental health examination, including a personal interview, of the prisoner or defendant by a licensed psychiatrist or a licensed clinical psychologist who is designated by the

6

Commissioner, skilled in the diagnosis, treatment, and risk assessment of sex offenders, and not a member of the CRC. . . . The licensed psychiatrist or licensed clinical psychologist shall determine whether the prisoner or defendant is a sexually violent predator, as defined in § 37.2-900, and forward the results of this evaluation and any supporting documents to the CRC for its review.

The CRC assessment may be based on:

An actuarial evaluation, clinical evaluation, or any other information or evaluation determined by the CRC to be relevant, including but not limited to, a review of (i) the prisoner's or defendant's institutional history and treatment record, if any; (ii) his criminal background; and (iii) any other factor that is relevant to the determination of whether he is a sexually violent predator.

Code § 37.2-905 states in relevant part:

A. Upon receipt of a recommendation by the CRC regarding an eligible prisoner or an unrestorably incompetent defendant for review pursuant to § 19.2-169.3, the Attorney General shall have 90 days to conduct a review of the prisoner or defendant and (i) file a petition for the civil commitment of the prisoner or defendant as a sexually violent predator and stating sufficient facts to support such allegation or (ii) notify the Director and Commissioner, in the case of a prisoner, or the referring court and the Commissioner, in the case of an unrestorably incompetent defendant, that he will not file a petition for commitment.

Finally, Code § 37.2-905.1 states:

The provisions of §§ 37.2-903, 37.2-904, and 37.2-905 are procedural and not substantive or jurisdictional. Absent a showing of failure to follow these provisions as a result of gross

7

negligence or willful misconduct, it shall be presumed that there has been substantial compliance with these provisions.

Warrington did not argue, either to the trial court or on brief to this Court, that the Commonwealth engaged in willful misconduct. Warrington maintains that the Commownealth's reliance in its petition on the report of a licensed psychologist, who was not qualified in "treatment" as required by Code § 37.2-904(B), constituted gross negligence and therefore the Commonwealth did not substantially comply with the SVPA and the trial court erred in not granting his motion to dismiss the Attorney General's petition. Upon review of the record, it is clear that the Commonwealth complied with all aspects of Code §§ 37.2-903, 37.2-904, and 37.2-905, except that Dr. Berman did not have the "treatment" qualification required by Code § 37.2-904. Immediately upon discovering this discrepancy, the Attorney General informed both the trial court and Warrington, and sought to replace Dr. Berman with a qualified expert who satisfied the statutory criteria.

We have previously held that "gross negligence is that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of another. It must be such a degree of negligence as would shock fair minded people

8

although something less than willful recklessness." Green v. Ingram, 269 Va. 281, 290-91, 608 S.E.2d 917, 922 (2005) (internal quotation marks and brackets omitted). The Commonwealth's actions clearly did not rise to such a standard. As soon as the mistake was discovered, the Attorney General informed both the trial court and Warrington and worked diligently and quickly to resolve the problem.

Because Warrington did not meet his burden of proof in showing that the Commonwealth's actions were grossly negligent, the Commonwealth – pursuant to Code § 37.2-905.1 – is presumed to have substantially complied with Code §§ 37.2-903, 37.2-904, 37.2-905. See Code § 37.2-905.1. The trial court did not err in denying Warrington's motions to dismiss and motion for release.

As to the Attorney General's second amended petition, we hold that the trial court did not abuse its discretion by granting the Attorney General's motion to file a second amended petition and substituting Dr. Nelson's report for Dr. Berman's report. Rule 1:8, See Harris v. Commonwealth, 279 Va. 123, 129, 688 S.E.2d 279, 282 (2010) (the trial court did not abuse its discretion "by granting the Commonwealth's motion to amend its petition to identify the predicate sexually violent offense as abduction with the intent to defile"). Furthermore, because the Attorney General timely

9

filed the petition to civilly commit Warrington as a sexually violent predator when Warrington was still incarcerated for a sexually violent offense, and because the Commonwealth substantially complied with the SVPA, the trial court did not err by ordering Warrington to be held beyond his release date until a final order was entered on the Attorney General's petition.

## III. Conclusion

For the reasons stated, we hold that the trial court did not err by denying Warrington's motions to dismiss, by granting the Attorney General's motion to amend the petition, by continuing to hold Warrington past his release date, or by accepting Dr. Nelson's report. Accordingly, we will affirm the judgment of the Circuit Court of the City of Richmond.

<u>Affirmed</u>.