COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Causey, Lorish and White
Argued at Salem, Virginia


WILL LEE CARTER

MEMORANDUM OPINION* BY
v.       Record No. 0363-23-3        JUDGE KIMBERLEY SLAYTON WHITE
APRIL 30, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

James C. Martin (Martin & Martin Law Firm, on brief), for
appellant.

Amanda L. Lavin, Assistant Attorney General (Jason S. Miyares,
Attorney General; M. Nicole Wittmann, Deputy Attorney General;
Susan Barr, Senior Assistant Attorney General; Timothy M.
Davidson, Assistant Attorney General, on brief), for appellee.


Will Lee Carter appeals the trial court's judgment finding that he remains a sexually violent

predator under Code § 37.2-910 and recommitting him to the custody of the Department of

Behavioral Health and Developmental Services (the Department) for treatment.  Carter argues that

various provisions of the Sexually Violent Predator Act (SVPA) are unconstitutional facially and as

applied to him.  Because Carter fails to show how the SVPA is unconstitutional as applied to him

and procedural defaults prevent us from addressing his remaining assignments of error, we affirm

the trial court's judgment.

BACKGROUND

When a respondent appeals a trial court's judgment that he is a sexually violent predator,

"we view the facts in the light most favorable to the Commonwealth, the prevailing party below."

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

*Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.* (citing *Stanley v. Webber*, 260 Va. 90, 95 (2000)).

In 2013, Will Lee Carter was convicted of aggravated sexual battery. The court sentenced him to 20 years' incarceration, with 10 years suspended. In January 2021, the Commonwealth petitioned the trial court to civilly commit Carter under the SVPA.

Before trial, Carter moved the trial court to declare the SVPA unconstitutional alleging that the Act violated his rights to due process, equal protection, freedom of religion, and counsel, and his right against self-incrimination because it required the use of polygraphs and penile plethysmographs. He asserted that any conditional release under the SVPA hinged on participating in a "full disclosure" polygraph, where he would have to disclose everything he had ever done sexually. He also argued that penile plethysmographs required him to view pornography.

Carter further contended that the SVPA unconstitutionally prohibited him from asserting his actual innocence to the underlying offense. Yet he acknowledged that the SVPA did not preclude him from testifying that he was innocent. He acknowledged that the statute barred procedural attacks on the underlying conviction in the litigation on the Commonwealth's petition under the SVPA. Finally, Carter argued that the SVPA unconstitutionally permitted his confinement beyond the term of his underlying sentence and prohibited his conditional release outside the Commonwealth, in violation of the Commerce Clause and his due process and equal protection rights. The trial court denied Carter's motion.

Following the trial, a jury unanimously found that Carter: 1) had been convicted of a sexually violent offense as defined by Code § 37.2-900; 2) has a mental abnormality and/or

personality disorder[1] according to Code § 37.2-900; and 3) finds it difficult to control predatory behavior because of mental abnormality and/or personality disorder and thus is likely to engage in sexually violent acts.  Furthermore, the court found that "alternatives to involuntary secure inpatient treatment and hospitalization are unsuitable and that there is no less restrictive alternative to involuntary treatment and hospitalization."

Carter petitioned the Supreme Court for an appeal of the trial court's judgment.[2]  The Supreme Court refused the petition and denied the subsequent petition for rehearing.

Carter's current appeal arises from his annual review on February 14, 2023, where the circuit court found that Carter remains a sexually violent predator who does not meet the criteria for conditional release under Code § 37.2-912.  Thus, the court declared him a sexually violent predator under Code § 37.2-910 and recommitted him to the custody of the Department for inpatient treatment at the Virginia Center for Behavioral Rehabilitation (VCBR).

Before the trial court was Carter's updated annual review report containing the finding that Carter had made no additional treatment gains and continues to need intensive inpatient treatment and indicating that conditional release was not recommended.  More specifically, the report set forth that although Carter cooperated with weekly program treatment sessions and attended every session, Carter did not complete annual paperwork for the quarter to update his records—the only formal assignment given to Carter.  The report did not indicate any evidence of physical aggression or sexual acting out towards staff or residents and no violations by Carter of the law or facility rules or policies related to safety.  However, according to the report, Carter

---

[1] Craig King, a licensed clinical psychologist, opined that Carter "may meet" the diagnostic criteria for antisocial personality disorder.

[2] When Carter filed that notice of appeal, this Court did not have jurisdiction over Carter's appeal.  This Court's jurisdiction was expanded effective January 1, 2022, to encompass this appeal.  *See* Code § 17.1-405; 2021 Va. Acts Spec. Sess. I ch. 489.

denied the need for treatment as well as the desire to participate in core and module groups and, at the time of the report, had not agreed to return to groups for the Winter 2023 quarter.

During the annual review hearing, Carter moved for the trial court to declare SVPA unconstitutional for the same reasons[3] contained in written motions he filed during the adjudication of the Commonwealth's original commitment petition and previously argued at the trial and prior motions hearing in 2021. Regarding polygraphs, the Commonwealth pointed out that there are no facts and no testimony from Carter showing that polygraphs were in fact required to get out of VCBR; Carter therefore did not meet the burden for a Fifth Amendment claim. The Commonwealth also argued that Carter's motion was not ripe because Carter had not been "required to either take a polygraph in the VCBR or take a polygraph on conditional release." At the hearing, the Commonwealth proffered, without objection, evidence of speaking with VCBR evaluators who stated that respondents are "not required to make any admissions to stay on conditional release or to . . . receive that recommendation." Regarding the plethysmograph, the Commonwealth proffered an email from a test administer saying that

---

[3] Those reasons were stated as follows: SVPA

> violates a respondent's constitutional rights, both inherently and "as applied," specifically:
>
> [t]he Right of Procedural Due Process . . . under the Fifth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, and under the "Law of the Land" Clause of Article I § 8 and the Due Process Clause of Article I § 11 of the Virginia Constitution;
>
> [t]he Right of Substantive Due Process under the Fourteenth Amendment to the United States Constitution, and under the "Law of the Land" Clause of Article I § 8 and the Due Process Clause of Article I § 11 of the Virginia Constitution;
>
> [t]he Right to Equal Protection under the Fourteenth Amendment to the United States Constitution; and
>
> [t]he Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, as being unduly restrictive of the personal interstate movement of persons who have been declared SVP's merely because they are from another State.

respondents do not have to look at "naked or erotic bodies." The Commonwealth argued that Carter could not claim Fifth Amendment violations because Carter had not been asked to undergo a penile plethysmograph and Fifth Amendment rights are not self-executing.

At the motions hearing, the parties asked for clarity on Code § 37.2-901. The Commonwealth stated:

> the Code pretty clearly says that the respondent is not allowed to attack the validity of his past convictions, but unfortunately the Code doesn't become more specific about that and there's no controlling case law, so does not attacking the validity mean he cannot make a procedural attack, or does it mean he can't deny that, that the thing ever happened?

The court clarified that Carter could deny the allegations but could not go back and try to retry the criminal case itself. The parties agreed on that interpretation. Accordingly, Carter had "no objection" to an order that prohibited him from "attacking the prior convictions, procedurally." Later, Carter acknowledged that he did not seek to "retry the criminal case" or otherwise attack his underlying conviction.

The trial court denied the motions, finding that Carter "really need[s] to get back in with [his] treatment" and "ha[s] not completed the VCBR's three phase program" and that an outpatient program would be inappropriate because Carter has not been willing to work while inpatient. Another annual review was set for February 9, 2024.

On appeal, Carter argues that the SVPA is unconstitutional because it (1) requires polygraphs, (2) requires penile plethysmographs, (3) "forbids" his assertion of "actual innocence" on the underlying offense while permitting the Commonwealth to introduce evidence of unadjudicated conduct, (4) permits his confinement beyond the term of his sentence on the underlying conviction, and (5) prevents his conditional release outside the Commonwealth, summarily asserting that the above issues violate the Commerce Clause, as well as his rights to

procedural and substantive due process, equal protection, counsel, freedom of religion, and a compulsory process for obtaining witnesses, and his right against self-incrimination.

ANALYSIS

Carter's arguments that the SVPA is unconstitutional present questions of law subject to de novo review. *Shivaee*, 270 Va. at 119. "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.* at 127 (citing *Stanley*, 260 Va. at 95). When a respondent appeals a trial court's judgment that he is a sexually violent predator, the trial court's findings of fact will be reversed only if they are plainly wrong or without evidentiary support. *Commonwealth v. Squire*, 278 Va. 746, 749-50 (2009) (citing *Higginbotham v. Commonwealth*, 216 Va. 349, 352 (1975)).

"Although civil in nature, a statutory scheme such as the SVPA that permits an involuntary commitment process to be initiated by the Commonwealth is subject to the rule of lenity normally applicable to criminal statutes and must therefore by strictly construed." *Hood v. Commonwealth*, 280 Va. 526, 540 (2010) (quoting *Townes v. Commonwealth*, 269 Va. 234, 240 (2005)).

I. Polygraphs, Penile Plethysmographs, and Conditional Release Outside the Commonwealth

"An appellant can only mount a successful facial challenge to a statute by showing first that the statute in question is unconstitutional as applied to him and that the statute in question would not be constitutional in any context." *Toghill v. Commonwealth*, 289 Va. 220, 228 (2015) (citing *County Ct. of Ulster Cnty. v. Allen*, 442 U.S. 140, 154-55 (1979)). Accordingly, "if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." *Id.* (quoting *Allen*, 442 U.S. at 155). Indeed, "[e]mbedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally

be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973).[4]

Carter's arguments that the SVPA is unconstitutional regarding polygraphs and penile plethysmographs is meritless because the record contains no evidence that Carter was required, or even asked, to participate in a polygraph or penile plethysmograph examination. In fact, Dr. Demetria Brown's report affirmatively indicated that Carter had not been asked to participate in a polygraph examination. Moreover, there is no evidence that Carter was denied a conditional release or had suffered any negative consequence for "refusing" to participate in either examination. Without such evidence, Carter cannot demonstrate that those provisions of the SVPA were unconstitutional as applied to him, so he cannot argue that they would be unconstitutional in some hypothetical situation not before this Court.

Carter reads the SVPA to require full disclosure polygraphs for conditional release without any specific language supporting that interpretation. However, the statute allows for a conditional release plan that does not require polygraph examinations because polygraph examinations are only part of the required regular psychological monitoring of the respondent "if called for" and "if necessary." Code § 37.2 910(D). The SVPA further provides that, when determining whether there are "possible alternatives to commitment, the court shall consider . . . whether any such alternatives will accommodate *needed and appropriate* regular psychological or physiological testing, including but not limited to, penile plethysmograph testing or sexual interest testing." Code § 37.2-908(E) (emphasis added). Nor does Carter seem to give any

---

[4] This Court notes that there is an exception to this general rule for challenges based on facial overbreadth challenges. *See Singson v. Commonwealth*, 46 Va. App. 724, 745 (2005) (quoting *Broadrick*, 413 U.S. at 615). However, Carter has not argued that the SVPA violates the First Amendment speech clause or is so overbroad as to chill speech, so the exception is not applied.

evidence about how the polygraph is administered or used beyond stating that a polygraph of some nature is used as part of the conditional release plan. As such his allegation of a constitutional violation requires us to speculate about VCBR's practices, but that is outside this Court's mandate as we are limited by the record. Thus, Carter's argument that the SVPA unconstitutionally mandates those examinations is meritless.

Similarly, Carter fails to show that the SVPA is unconstitutional as applied to him regarding the use of penile plethysmographs. There is no evidence that Carter had been asked or required to participate in such an examination or suffered any negative consequences for refusing to do so. Carter also did not present evidence that participation in the plethysmograph would subject Carter to viewing pornography as alleged. Thus, Carter's argument that the SVPA unconstitutionally mandates this examination is meritless.

Carter generally argues that by not permitting his conditional release outside the Commonwealth, the SVPA violates the Commerce Clause and his rights to procedural and substantive due process and equal protection under the federal and state constitutions. Nowhere does his brief explain the nature of his constitutional rights under either the U.S. Constitution nor the Virginia Constitution, how they apply to the present case, or how the SVPA violates them. Thus, to address Carter's arguments would require this Court to advocate for, as well as judge the correctness of, his positions. "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (quoting *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012) (alterations in original) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (en banc)). Thus, Carter's insufficient argument fails to show how the SVPA is

unconstitutional facially and as applied to him regarding conditional release outside the Commonwealth.

## II. Contesting Guilt of the Underlying Offense

In his written motion to declare the SVPA unconstitutional, filed before the hearing on the Commonwealth's original petition, Carter argued that the SVPA denied him the opportunity to contest the validity of the underlying aggravated sexual battery conviction or any "institutional convictions, charges, or sentences" during a hearing under the SVPA. At the hearing on his motion, however, Carter and the Commonwealth agreed that Code § 37.2-901 prohibited only "a procedural attack" on the underlying conviction during a SVPA hearing; it did not prohibit Carter from testifying that he was innocent. Accordingly, Carter had "no objection" to an order that prohibited him from "attacking the prior convictions, procedurally." Later, Carter acknowledged that he did not seek to "retry the criminal case" or otherwise attack his underlying conviction.

At the annual review hearing, Carter renewed his argument but conceded that nothing had changed since the trial court's original ruling on his motion. He acknowledged the Commonwealth's "partial concession" that he could testify that he was innocent. But he summarily concluded, without elaboration, that there was "still a . . . constitutional problem." Despite such a vague and unspecific argument, he contends on appeal that the SVPA "violates equal protection" by denying him the opportunity to contest the validity of his underlying criminal conviction or any "institutional convictions, charges, or sentences" during a hearing under the SVPA.

Carter's argument is waived for various procedural reasons. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do

- 9 -

something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). We have held that "Rule 5A:18 applies to bar even constitutional claims." *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)).

Carter did not preserve his argument for appeal. In the original proceedings, Carter explicitly agreed to an order prohibiting him from "attacking the prior convictions, procedurally," and acknowledged that he did not want to contest the validity of his underlying criminal conviction. When he renewed his arguments at the annual review hearing, he did not alter his position in any way, contending only that despite the Commonwealth's agreement that he could testify about his innocence, there was "still a . . . constitutional problem." The vague and unspecific suggestion that there is a "constitutional problem" is insufficient to preserve his argument that the SVPA violates equal protection by prohibiting him from challenging the validity of his underlying conviction. Accordingly, his argument is not preserved. Although there are exceptions to Rule 5A:18, Carter has not invoked them, and this Court does not do so sua sponte. *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022).[5]

### III. Confinement under the SVPA

Carter generally asserts that the SVPA unconstitutionally permits "prisoners convicted of crimes" to be "held past their release dates" in violation of his due process and equal protection rights. Carter lists, without further comment, the various constitutional provisions that the SVPA supposedly "violates."

---

[5] In addition, to the extent Carter's argument contradicts his prior agreement that he could not procedurally attack his prior conviction in a SVPA proceeding, his argument is waived because "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (alteration in original) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)).

An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). "Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley*, 67 Va. App. at 744 (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Id.* at 746 (quoting *Sneed*, 301 S.W.3d at 615). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" *Burke*, 59 Va. App. at 838 (alterations in original) (quoting *Fitzgerald*, 6 Va. App. at 56 n.7). To the contrary, if an appellant believes that the trial court erred, "Rule 5A:20(e) require[s] him 'to present that error to us with legal authority to support [his] contention.'" *Bartley*, 67 Va. App. at 746 (second alteration in original) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)). "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (quoting *Sneed*, 301 S.W.3d at 615).

It is well decided that a government can civilly commit a person after the term of criminal incarceration is concluded if it helps to protect the public and when well-settled procedures are followed. *See Shivaee*, 270 Va. at 128; *Jacobson v. Massachusetts*, 197 U.S. 11, 26 (1905); *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *Seling v. Young*, 531 U.S. 250, 260 (2001). The U.S. Supreme Court has held that "the States retain considerable leeway in defining the mental abnormalities and personality disorders that make an individual eligible for commitment." *Kansas v. Hendricks*, 521 U.S. 346, 359 (1997) (holding that involuntary confinement pursuant to Kansas Sexually Violent Predator Act was not punitive nor criminal proceedings and that the Act's definition of mental abnormality satisfied substantive due process requirements for civil commitment).

While recognizing that the SVPA can civilly commit a defendant after his incarceration without violating a defendant's constitutional rights, Carter waives his argument on appeal due to an insufficient brief.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*